## LAUB-ZINK FURNITURE COMPANY *v.* FERRIS.

[No. 9,980. Filed October 16, 1919. Rehearing denied January 29, 1920.]

1. TRIAL.—*General Verdict.—Answers to Interrogatories Not Meeting Whole Case Made by Plaintiff.—Inferences.*—When answers to interrogatories do not cover all the material facts of the case as attempted to be made by the plaintiff, unless they can be said as a matter of law to be in irreconcilable conflict with the general verdict indulging in its favor all inferences, presumptions and intendments of fact, within the issues, the verdict must stand. p. 373.

2. MASTER AND SERVANT.—*Dangerous Occupation.—Evidence.—Sufficiency.*—A verdict for injury to an eye of a servant, whose complaint, based on the Dangerous Occupation Act, Acts 1911 p. 597, §3862a *et seq.* Burns 1914, alleged that defendant furnished him, for nail-driving, a badly worn hammer with a rounded head, liable to cause nails to fly, with which to work, was not sustained by evidence that the hammer was one kept and used to open crates, for which it was suitable, and which plaintiff, not finding the heavy hammer also kept at the store, and for which he was looking, picked up and used to drive a nail. p. 374.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by Leonard L. Ferris against the Laub-

Zink Furniture Company.    From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*Charles L. Jewett, Henry E. Jewett* and *Walter V. Bulleit,* for appellant.

*George H. Hester,* for appellee.

ENLOE, J.—This action was brought by the appellee against the appellant, his employer, to recover damages for a personal injury sustained to one of his eyes, whereby the sight of the same was practically destroyed.  The cause was tried upon an amended complaint in one paragraph, after demurrer to same had been overruled, resulting in a verdict and judgment for appellee.

The errors assigned challenge the action of the trial court, in overruling a demurrer to the amended complaint; in overruling motions of appellant for judgment in its favor upon answers to interrogatories; in overruling motion for a new trial.

The complaint was sufficient to withstand a demurrer, and as the answers returned by the jury to the special interrogatories submitted by them

1.    did not cover all the material facts of the case, as attempted to be made by the appellee, and as all inferences, presumptions, and intendments of fact, within the issues, must be indulged in favor of the general verdict (*Cleveland, etc., R. Co.* v. *Wolf* [1919], 189 Ind. 585, 128 N. E. 38, 695), the court did not err in overruling the motion of appellant for judgment in its favor upon said answers, as they cannot be said, as a matter of law, to be in irreconcilable conflict with the general verdict.

Appellant in its motion for a new trial has assigned thirty-six reasons or grounds therefor.  Of

the reasons so assigned, many have been waived in this appeal, and others of them need not be noticed in determining this appeal.

The appellant's second assigned reason for a new trial, that the verdict of the jury is not sustained by sufficient evidence, we think is well taken, and

2.  the trial court erred in not granting a new trial.

The complaint in this case is bottomed upon the "Dangerous Occupation Act" (Acts 1911 p. 597, §3862a Burns *et seq.* 1914) and specifically charges, *inter alia*: "That in making said repairs it was necessary to drive nails in the body or bed of said wagon with a hammer; *that for said purpose, said defendant provided said plaintiff with a hammer that was defective and out of repair,* in this to wit, that the driving part and surface of the head of said hammer was badly worn, uneven, and rounded, so that when it was used for the purpose of driving nails, it was liable to cause said nails to fly and strike the person using them in the face and eyes, all of which was well known to defendant prior," etc.   The complaint then alleges: "That it was the duty of said defendant, previous to the happening of said grievances, *to see and require that said hammer and the metal part thereof was carefully selected, inspected, and tested, so as to detect and exclude said defects and dangerous conditions.*"

The record discloses that appellant was engaged in the business of buying and selling furniture, stoves, carpets, etc., at retail and on the installment plan, having its office and principal place of business in the city of New Albany.

The appellee was an employe of appellant, and as such his duties, as testified to by him, were to drive

a one-horse wagon, owned and kept by appellant, and deliver various articles of furniture to customers about the city, as such articles should be purchased, to haul goods from the freighthouse to the store of the appellants, to feed and care for the horse, to look after the said wagon and make any needed reparis thereto which could readily be made by him, and, when not otherwise engaged, to assist as a laborer about the store of appellant.

Appellee, prior to taking employment with appellant, had worked, as testified to by him, for many years as a carpenter, and was thoroughly familiar with hammers, their uses, and adaptibility to different kinds of work.

The record discloses that on the day appellee received his injury he was attempting to make some repairs to the shafts of the wagon which he drove, by driving a nail through the cross tree, which had become split and broken. He went, according to his own testimony, into the storeroom to get hammer and nails, and, not readily finding a heavy hammer kept at the store by his employers, and for which he was looking, he picked up the hammer in question and attempted to use it in making the repairs. This hammer which he thus picked up and attempted to use, as shown by the record and by his own testimony, was one kept in the store of appellants and used for the purpose of knocking apart "crates," in unpacking furniture, and while not suitable to use in driving a nail into a piece of hard, seasoned wood, such as the crosstree in question, was entirely safe and suitable, as found by the jury, for use in knocking apart furniture crates, for which use it was kept.

Under this state of the record, the appellee in his own testimony entirely failed to bring himself and

the facts of his alleged cause of action within any of the provisions of the act of 1911, *supra*. His employers did not furnish him with the hammer in question, with which to make said repairs, but, according to his own testimony, he procured and attempted to use the hammer, without any knowledge whatever of that fact on the part of his employer, and upon this record he has entirely failed to show any liability as against appellants.

Other specifications of error have been assigned, but, reaching the conclusion we have, they become inconsequential.

The judgment of the Clark Circuit Court is therefore reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent herewith.   Judgment reversed.