## LAUB-ZINK FURNITURE COMPANY *v.* FERRIS.

### [No. 11,149.    Filed May 16, 1922.]

1.  APPEAL.— *Subsequent Appeals.— Law of the Case.— Sufficiency of Complaint.*—Where, on appeal from a judgment for plaintiff in an action for personal injuries, the court held the complaint sufficient as against demurrer, but reversed the cause for other reasons, on a subsequent appeal the court is bound by the former holding as the law of the case.  p. 291.

2.  MASTER AND SERVANT.—*Injuries to Servant.—Defective Appliances.—Liability of Master.—Dangerous Occupation Act.—* In a servant's action for personal injuries based on §4 of the Dangerous Occupation Act (Acts 1911 p. 597, §3862d Burns 1914), evidence showing that plaintiff was injured while repairing a wagon with a defective hammer, and that the master knew that it was defective and was being used for general purposes about the establishment, *held* sufficient to sustain a verdict for plaintiff.  p. 292.

3.  APPEAL.—*Review.—Exclusion of Evidence.—Opinion on Prior Appeal.*—In the second trial of an action for personal injuries, it was not error for the trial court to refuse to permit the introduction of the opinion of the Appellate Court on a former appeal.  p. 293.

From Clark Circuit Court; *James F. Fortune,* Judge.

Action by Leonard L. Ferris against the Laub-Zink Furniture Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles L. Jewett* and *Walter V. Bulleit,* for appellant. *George H. Hester,* for appellee.

McMAHAN, J.—This is the second appeal in this case. For the opinion on the former appeal, see 72 Ind. App. 372, 124 N. E. 497, where the nature of the action and the facts as they were disclosed on the first trial fully appear.

The second trial resulted in a verdict and judgment in favor of appellee. The only error assigned relates to the action of the court in overruling the motion for a new trial. Appellant contends: (1) That the verdict is not sustained by sufficient evidence; (2) that it is contrary to law; (3) that the court erred in refusing to instruct the jury to return a verdict for appellant; and (4) that the court erred in refusing to permit appellant to introduce in evidence the opinion of this court on the former appeal. Appellant insists that the evidence given on the second trial is the same as was given on the former trial, and since this court held the evidence on the former trial was not sufficient to sustain the verdict, that the decision on the former appeal becomes the law of the case and governs on this appeal.

This court on the former appeal held the complaint was sufficient to withstand the demurrer, but that appellee had failed in his proof and reversed the

1. cause for that reason. The complaint having been held good on the former appeal, we are bound by that decision, although it is proper to call attention to *Cleveland, etc., R. Co.* v. *Ropp* (1921), 190 Ind. 115, 129 N. E. 475, where the Supreme Court held that §4 of the "Dangerous Occupation Act" (Acts 1911

p. 597, §3862d Burns 1914), that being the section under which this action is founded, does no more than declare the common law and has no effect in determining liability. Were it not for the fact that we are bound by the former opinion as the law of the case we would probably be compelled to hold that the complaint failed to state a cause of action. But since the complaint has been held good, it is now only necessary for us to determine whether the facts alleged in the complaint have been proven.

According to the evidence in the first trial, appellee undertook to repair the shafts on the wagon by driving a nail through the cross-tree, which had become split and broken; he went into the storeroom to get hammer and nails, and not finding a heavy hammer kept at the store by appellant and for which he was looking, he picked up the hammer in question and attempted to use it in making the repairs; this hammer which he picked up on his own accord was kept in the store of appellant and used for the purpose of knocking apart "crates" in unpacking furniture, and while not suitable to use in driving a nail into a piece of hard wood, was entirely safe and suitable for the use for which it was kept; appellant did not furnish appellee with the hammer in question with which to make the repairs, but appellee procured it and attempted to use it without any knowledge on the part of appellant.

The evidence on the second trial is materially different from that given on the first trial. Under the evidence in the record now before us the jury was

2.    justified in finding that the hammer in question was not kept specially for use in knocking apart furniture crates, but was kept for general use around the store, including the work which appellee was doing when injured; that appellant directed appellee to make repairs on the wagon and knew that the hammer in

question was being used by the employes of appellant for any purpose, including the repairs of the wagon which appellee was attempting when injured. The evidence now before us is amply sufficient to prove the facts as alleged in the complaint. The verdict is therefore sustained by sufficient evidence.

The complaint having been held good and all the facts therein alleged being proved by sufficient evidence, the verdict is not contrary to law, and there was no error in the action of the court in refusing to instruct the jury to return a verdict for appellant. There was no error in refusing to permit appellant to introduce the opinion of this court on the former appeal in evidence.

Judgment affirmed.